DocuSign Envelope ID: A54C8234-E5D5-4D72-A589-2AEB9AB405C8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JACKIE ONHVANDY　　Debtor | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | CASE NO.: 5:21-BK-00076-MJC |
| ALLY BANK, | ) | |
| 　　　　　Movant | ) | |
| vs. | ) | **LOCATION:** |
| | ) | U.S. Bankruptcy Court |
| JACKIE ONHVANDY　　and | ) | Middle District of Pennsylvania |
| | ) | 197 South Main Street |
| RIKKI SIXX ONHVANDY　Codebtor | ) | Wilkes-Barre, PA 18701 |
| | ) | |
| and　　　　Respondents | ) | |
| | ) | |
| JACK N ZAHAROPOULOS | ) | |
| 　　　　　Trustee | ) | |

**STIPULATION RESOLVING ALLY BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CODEBTOR STAY**

Came on for consideration the Motion for Relief from Automatic Stay and Codebtor Stay (Doc. 45) filed by Ally Bank its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2015 ACURA RDX Utility 4D Technology AWD 3.5L V6, V.I.N. 5J8TB4H56FL006697 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1.　**Automatic and Codebtor Stay:** The Automatic Stay provided by 11 U.S.C. §362 and Codebtor Stay under 11 U.S.C. 1301 shall remain in effect, except as provided below.

2. **Current Monthly Payments**: Debtor shall continue to remit to Movant the regular post-petition monthly payments of $336.15, beginning April 15, 2022.

3. **Debtor Will Make Extra Payments In Order To Cure The Arrearage**: The current post-petition arrearage amount is $1,092.30 ("Arrearage"). Debtor agrees to cure the Arrearage in the following way:

    a. **Monthly Cure Payments**: Debtor will make Six (6) consecutive monthly payments to cure the Arrearage ("Cure Payment"). The first five (5) Cure Payments will be in the amount of $182.00 and last Cure Payment will be in the amount of $182.30. Each Cure payment is due by the 10th of the month with the first Cure Payment due on or before April 10, 2022. The last Monthly Cure Payment will be paid on or before September 10, 2022.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

6. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtor fails to keep the Collateral insured, (3) Collateral is total loss. If Debtor defaults in any way, then

DocuSign Envelope ID: A54C8234-E5D5-4D72-A589-2AEB9AB405C8

Movant may send written notice of the default to Debtor and Counsel for Debtor by Regular Mail and by Certified Mail Return Receipt Requested, postage prepaid. The written notice will give Debtor a 10–day period to cure the default. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period, or in the event Debtor become delinquent after two (2) notices of default, the Automatic Stay of 11 U.S.C. §362 and Codebtor Stay of 11 U.S.C. 1301 shall terminate as it relates to Movant and the Collateral. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and Codebtor Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Codebtor, Debtor's attorney, and the Chapter 13 Trustee that the Automatic Stay and Codebtor Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

DocuSign Envelope ID: A54C8234-E5D5-4D72-A589-2AEB9AB405C8

CONSENTED TO BY:

DATED: 4/4/2022

_____
JASON PAUL PROVINZANO
Attorney for the Debtor

4/6/2022

_____
Rikki Sixx Onhvandy, Co-Debtor

CONSENTED TO BY:

DATED: 4/4/2022

_____
REGINA COHEN
Attorney for Ally Bank

CONSENTED TO BY:

DATED: 4/13/2022

_____
Agatha McHale, Esq.

for JACK N ZAHAROPOULOS
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

_____
MARK J CONWAY
United States Bankruptcy Judge

4